**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

LUIS MUNUZURI HARRIS,

Plaintiff,

v. Case No. 3:25-cv-224-WWB-SJH

CONOVER, et al.,

Defendants.

---

**ORDER**

THIS CAUSE is before the Court on Plaintiff's pro se Motion for Reconsideration of Judgment or, alternatively, to Temporarily Reopen Case (Doc. 53). Defendants have not filed a Response in Opposition to the Motion. On July 14, 2026, the Court dismissed this case without prejudice for Plaintiff's failure to exhaust his administrative remedies, (*see* "**Order**," Doc. 50), and entered Judgment on July 16, 2026, (*see* Doc. 51).

In his Motion, Plaintiff requests that the Court reconsider its Order, or temporarily reopen the case, because there is a "mistake" based on Defendants' "fraud [and] misrepresentation." (Doc. 53). More specifically, Plaintiff asserts Defendants "committed fraud through the presentation of their Declarations and Affidavits" and that Plaintiff is in the process of obtaining documents that would "substantiate this fraud." (*Id.*).

Plaintiff filed his Motion under Federal Rules of Civil Procedure 59(e) and 60(b). (*Id.*). Rule 59(e) and Rule 60 govern motions for reconsideration. *Beach Terrace Condo. Ass'n, Inc. v. Goldring Inves.*, No. 8:15-cv-1117-T, 2015 WL 4548721, at *1 (M.D. Fla. July 28, 2015). Motions for reconsideration filed within 28 days of the Court's Judgment are governed by Rule 59(e), whereas motions for reconsideration filed after the 28-day

period are governed by Rule 60(b). Plaintiff filed his Motion within 28 days of the Court's Judgment, suggesting reliance on Rule 59(e); however, because he also expressly invokes Rule 60(b) and incorporates Rule 60(b)'s language in his Motion, the Court will assess his Motion under both rules.

Rule 59(e) affords the Court discretion to reconsider an order. *See Mincey v. Head*, 206 F.3d 1106, 1137 (11th Cir. 2000); *O'Neal v. Kennamer*, 958 F.3d 1044, 1047 (11th Cir. 1992). "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotations and citation omitted). This Court has interpreted those parameters to include "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Lamar Advertising of Mobile, Inc. v. City of Lakeland*, 189 F.R.D. 480, 489 (M.D. Fla. 1999). For example, reconsideration may be appropriate where "the Court has patently misunderstood a party." *O'Neill v. The Home Depot U.S.A., Inc.*, 243 F.R.D. 469, 483 (S.D. Fla. 2006). However, Rule 59(e) cannot be used "to relitigate old matters, raise argument[,] or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005). Indeed, permitting a party to raise new arguments on a motion for reconsideration "essentially affords a litigant 'two bites at the apple.'" *Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985); *see also Mincey*, 206 F.3d at 1137 n.69 (citation omitted); *Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997) ("[A] motion to reconsider should not be used by the parties to set forth new theories of law."). Moreover, "[w]hen evaluating a motion to reconsider, a court should proceed cautiously, realizing that 'in the

interest of finality and conservation of scarce judicial resources, reconsideration of a previous order is an extraordinary remedy to be employed sparingly.'" *United States v. Bailey*, 288 F. Supp. 2d 1261, 1267 (M.D. Fla. 2003) (citation omitted).

Rule 60(b) permits a district court to relieve a party from a final judgment, order, or proceeding for these reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b).

In its Order, the Court determined Defendants' evidentiary materials established that Plaintiff failed to properly exhaust his administrative remedies on all his claims, thus warranting dismissal of the case under 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act. (Doc. 50 at 5–21). In his Motion, Plaintiff now contends that Defendants committed fraud in their "Declarations and Affidavits" supporting their exhaustion argument, and he is in the process of obtaining documentation to substantiate his contention. (Doc. 53). However, Plaintiff filed a pro se Response in Opposition to Defendants' Motion to Dismiss (Doc. 35), wherein he responded to Defendants' exhaustion argument in detail, pointing to certain grievance records that, in his view, proved he had exhausted his administrative remedies. (Doc. 35 at 7–9). Plaintiff had an opportunity to assert that Defendants submitted allegedly fraudulent declarations and affidavits in support of their Motion to Dismiss, but he did not. (*Id.*). Indeed, in his Response in Opposition, Plaintiff asserted that Defendants "fail[ed] to attach any declarations of their own to refute, rebut, or negate" Plaintiff's exhaustion allegations and relied, at least in part, on Defendants' evidentiary materials to argue that he properly

exhausted his administrative remedies. (*Id.* at 7). As such, Plaintiff's Motion is raising argument that could have been raised prior to the entry of Judgment, which is improper under Rule 59(e). *See Michael Linet*, 408 F.3d at 763.

Plaintiff is also attempting to present new evidence that could have been presented prior to the entry of Judgment. *Id.* In his Motion, Plaintiff does not explain why he could not have obtained documentation substantiating Defendants' allegedly fraudulent evidentiary materials prior to filing his Response in Opposition. Plaintiff certainly would have been aware of any fraudulent misrepresentations in Defendants' evidentiary materials, as he thoroughly responded to Defendants' exhaustion argument in his Response in Opposition. For these reasons, Plaintiff's alternative request to reopen the case so he can obtain additional documentation to substantiate his contention will be denied.

Plaintiff's Motion fares no better under Rule 60(b). His conclusory assertion that Defendants submitted fraudulent evidence in support of their exhaustion argument is insufficient to justify relief from the operation of the Court's Judgment. Fed. R. Civ. P. 60(b). Thus, the Court finds that Plaintiff's assertions do not support reconsideration under either Rule 59(e) or Rule 60(b). Rather, Plaintiff simply disagrees with the Court's ruling and wants a favorable ruling, but not for any basis which might fall under Rule 59(e) or Rule 60(b). Thus, the Motion is denied.

Accordingly, it is **ORDERED** and **ADJUDGED** that Plaintiff's Motion for Reconsideration of Judgment or, alternatively, to Temporarily Reopen Case (Doc. 53) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, on August 18, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

OrlP-2
C: Luis Munuzuri Harris, #V09696
Counsel of Record