**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

LUIS MUNUZURI HARRIS,

Plaintiff,

v. Case No. 3:25-cv-224-WWB-SJH

CONOVER, et al.,

Defendants.

---

# ORDER

THIS CAUSE is before the Court on Plaintiff's pro se "Motion for the Court to Recall It's [sic] [August 19, 2026] Order (Doc. 54) Due to Failing to Consider the Amended Motion." ("**Motion to Recall**," Doc. 55). Plaintiff attaches an "Amended Motion to Alter or Amend Judgment [or] Alternatively, Motion for Relief From Judgment" ("**Proposed Amended Motion for Reconsideration**," Doc. 55-1), which challenges the Court's July 14, 2026 Order ("**Order of Dismissal**," Doc. 50) dismissing this case without prejudice for Plaintiff's failure to exhaust his administrative remedies.[1] For the following reasons, the Motion to Recall is denied.

In the Motion to Recall, Plaintiff asserts that, "[a]pparently, the Plaintiff's Amended Motion [for Reconsideration] was mailed by prison officials on [August 17, 2026]" and that said motion must have "crossed in the mail" with the Court's Order (Doc. 54) denying Plaintiff's original motion for reconsideration. (Doc. 55). He contends that, under the prison mailbox rule, the Proposed Amended Motion for Reconsideration was timely filed,

---

[1] Judgment was entered on July 16, 2026. (Doc. 51).

and he requests the Court to vacate its prior Order denying reconsideration (Doc. 54) and to rule on the Proposed Amended Motion for Reconsideration.[2] (*Id.*).

However, the arguments raised in Plaintiff's Proposed Amended Motion for Reconsideration do not provide a basis for relief under either Federal Rule of Civil Procedure 59(e) or 60(b). Plaintiff's arguments either "relitigate old matters, raise argument[,] or present evidence that could have been raised prior to the entry of judgment," *see Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005), such that relief is not warranted under Rule 59(e). Moreover, Plaintiff does not establish any of the bases upon which relief may be granted under Rule 60(b). *See* Fed. R. Civ. P. 60(b) (permitting a district court to relieve a party from a final judgment, order, or proceeding for: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment.).

Accordingly, it is **ORDERED** and **ADJUDGED** that Plaintiff's pro se "Motion for the Court to Recall It's [sic] [August 19, 2026] Order (Doc. 54) Due to Failing to Consider the Amended Motion" (Doc. 55) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, on November 2, 2026.

---

[2] Despite the August 17, 2026, prison stamp found on Plaintiff's Proposed Amended Motion for Reconsideration (Doc. 55-1), there is no record that the proposed amended motion was ever mailed to or otherwise independently filed with the Court.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

OrlP-2
C: Luis Munuzuri Harris, #V09696
Counsel of Record